The People of the State of New York, Respondent,
against
Salvador Suazo, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Anthony J. Ferrara, J. at suppression hearing and plea; Gilbert C. Hong, J. at sentencing), rendered September 5, 2014, convicting him, upon a plea of guilty, of attempted criminal possession of a weapon in the fourth degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Anthony J. Ferrara, J. at suppression hearing and plea; Gilbert C. Hong, J. at sentencing), rendered September 5, 2014, reversed, on the law and the facts, motion to suppress granted and the accusatory instrument dismissed.
On February 7, 2014, at about 9:30 p.m., police officers on routine patrol in Union Square observed defendant enter a residential building and exit a few minutes later, then enter the freight entrance of a business next door. When defendant exited the freight entrance, he walked around the corner and entered a third building, an NYU residence hall, and exited ten minutes later carrying a duffel bag. Notably, the court ultimately credited defendant's testimony that he had an innocent explanation for entering and exiting the three buildings, as he was lost and looking for a particular address; that he called to confirm the address and directions after exiting the second building; and that the duffel bag merely contained paint ball guns for his daughter, which had been left for defendant by a friend with a security guard at the friend's place of employment, 19 Union Square West.
The issue on appeal is whether a gravity knife recovered from defendant's person should be suppressed. Although the testifying officer claimed that he observed this knife sticking out of defendant's pocket, the court specifically rejected that portion of the officer's testimony. Nevertheless, the court denied the suppression motion, finding that the activity that the police observed "amounted to reasonable suspicion that the defendant was engaged in burglary," and that during the subsequent questioning of defendant, the officers asked him if he had anything illegal in his possession, and that defendant responded "[y]es, I have a knife."
While we essentially accept the suppression court's findings of fact and credibility, we nevertheless reject the court's conclusions of law, and determine that evidence of the knife should have been suppressed. On the facts developed at the hearing, the police had, at most, a founded [*2]suspicion of criminal activity giving the officers the right to approach defendant and to make inquiries of him (see People v De Bour, 40 NY2d 210, 223 [1976]).
Here, the police actions went beyond a level two intrusion and constituted a level three stop and detention. Defendant testified that the officers "grabbed" him and the officer testified that he ordered defendant to stop, stating "police, stop." Whether police ordered defendant to stop or just grabbed him, a seizure had occurred, because a reasonable person would have believed that the officers' conduct was a sufficient limitation on his or her freedom (see People v Bora, 83 NY2d 531, 535 [1994]).
However, the officers did not have reasonable suspicion that defendant had committed, was committing or was about to commit a crime to justify forcibly stopping and detaining him (see People v De Bour, 40 NY2d at 223). The officers did not act upon reliable confirmed information that a crime had occurred or was about to occur. Nor did the officers observe criminal conduct. The fact that defendant exited a building with a duffel bag in an alleged high-crime area does not constitute a factor sufficient to create reasonable suspicion that he was committing a burglary (see People v Fernandez, 87 AD3d 474, 475 [2011], citing People v Powell, 246 AD2d 366, 369-370 [1998], appeal dismissed 92 NY2d 886 [1998]; see also People v McIntosh, 96 NY2d 521, 527 [2001]; People v Hampton, 200 AD2d 466, 469 [1994], appeal dismissed 83 NY2d 998 [1994]). Furthermore, given the discredited allegation that a gravity knife was visible, the police did not have a reasonable suspicion that defendant was armed and dangerous. Consequently, the officers did not have a reasonable suspicion to forcibly stop and detain defendant. Therefore, evidence obtained as a result of the forcible stop and detention of defendant should have been suppressed (see People v Milaski, 62 NY2d 147, 156-157 [1984]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 31, 2017